[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14618
Non-Argument Calendar

_____

D. C. Docket No. 06-00061-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK VANLOWEING RICKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(May 29, 2008)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Roderick Ricks appeals his 188-month sentence for possession with intent to distribute methamphetamine. He argues that the district court erred by (1) imposing a sentence based upon facts that were not proven to a jury or admitted, (2) failing to rely on the Guideline factors, and (3) sentencing Ricks to an unreasonable sentence.

## Background

Ricks was charged with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and 18 U.S.C. § 2. Ricks pleaded guilty to the charge pursuant to a written plea agreement.[1] In the agreement, Ricks and the government stipulated to the following facts:

> On February 27, 2006 . . . [Ricks] was observed in a Nissan Maxima on I-75 South following too closely behind a semi-tractor trailer in the middle lane. A sheriff's deputy blue lighted the vehicle at which time the vehicle pulled into the fast lane and passed the semi-tractor trailer[, and] then exited the highway on the right hand side.
>
> In order to avoid vehicles that were stopped on the exit ramp,

---

[1] As part of the plea agreement, Ricks waived his right to appeal. An appeal waiver must be "knowing and voluntary" and this usually requires the court to question the defendant at the plea hearing. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993) (holding that "in most circumstances, for a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing"). The district court here, however, never asked Ricks about the waiver. Ricks, therefore, asserts on appeal that the waiver does not bar this appeal; the Government concedes this issue and addresses the merits. Because the Government does not contend that the appeal is barred, we only address the merits.

[Ricks] drove his vehicle in the grass. The vehicle then made a left hand turn onto Highway 36 and passed another semi-tractor trailer. At this time a large bag was observed being tossed out of the vehicle. A short time later two smaller bags were seen being thrown out of the vehicle. The vehicle was finally stopped in Jackson, Georgia.

Law enforcement went to the scene where the bags had been thrown out of the vehicle. It was determined that the large bag contained "Ecstacy" (a/k/a MDMA) pills and the smaller bags contain[ed] marijuana. Law enforcement were able to recover approximately five pounds of "Ecstacy" pills.

. . .

The drugs were tested and found to be Ecstacy pills comprised of a mixture and substance of methamphetamine. The government and [Ricks] hereby stipulate that for the purpose of computing the amount of drugs attributable to [Ricks] pursuant to U.S.S.G. § 1B1.3, Relevant Conduct, the amount of drugs attributable to [Ricks] is four hundred and seventy five grams of methamphetamine.

The district court accepted Ricks's guilty plea at a change of plea hearing and the probation officer prepared a pre-sentence investigation report ("PSI"). The PSI assigned Ricks a base offense level of 30, under U.S.S.G. § 2D1.1(c)(5). Because Ricks was a career offender, his offense level was raised to 34, pursuant to U.S.S.G. § 4B1.1(b). The offense level was then reduced three points for acceptance of responsibility, under U.S.S.G. § 3E1.1. This resulted in a total offense level of 31. Without the career-offender enhancement, Ricks's criminal history status would have been a category V, but the enhancement raised his criminal history category to VI, pursuant to U.S.S.G. § 4B1.1(b). This resulted in a

3

Guidelines range of 188 to 235 months imprisonment. The court stated that it had considered the Guidelines range as advisory and imposed a sentence of 188 months imprisonment. The court went on to state that it had "determined that the sentence as imposed is an appropriate sentence in this case, complies with the factors that are to be considered as set forth at 18 U.S.C. 3553(a) and adequately addresses the totality of the circumstances."

**Analysis**

## I. *Career-offender Enhancement*

Ricks argues that the district court erred by increasing the Guidelines range in accordance with the career-offender enhancement. He contends that he did not admit to being a career-offender, nor did a jury convict him of being one. He states that when the district court enhanced the sentence, it was impermissible fact-finding in violation of the Fifth and Sixth Amendments.

The government need not allege in its indictment nor prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998). Ricks does not argue on appeal that the career-offender enhancement should not apply because one of his prior crimes was improperly considered a crime of violence, triggering the career-offender

4

enhancement; instead, he argues that he did not admit to being a career offender and that for the enhancement to apply, he must admit to it or it must be proven to a jury. Although Ricks objected at sentencing to the enhancement, he had argued that the enhancement should not apply because one of his prior crimes was improperly considered a crime of violence. The argument he raises on appeal, however, was not raised before the district court. We, therefore, review under the plain error standard. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. Id.

We find Ricks's argument unpersuasive. The judge's finding that Ricks was a career offender was based entirely on Ricks's prior convictions, which need not be admitted or found by a jury. See Almendarez-Torres, 523 U.S. at 226. Ricks makes no argument that he meets the plain error standard and we conclude that he does not meet that burden.

## II. *Consideration of the Guidelines and Reasonableness*

Ricks further contends that the district court did not consider the sentencing Guidelines and sentenced Ricks to an unreasonable sentence.

5

We review the district court's imposition of a sentence under the abuse-of-discretion standard. Gall v. U.S., 552 U.S. ____, ____, 128 S.Ct. 586, 597 (2007). Under Booker[2] and its progeny, district courts must treat the Guidelines as advisory, consider the § 3553 factors, and the ultimate sentence must be reasonable. Id. at 596-597. This reasonableness standard is deferential, and the defendant bears the burden on appeal of establishing that the sentence is unreasonable. United States v. Bohannon, 476 F.3d 1246, 1253 (11th Cir. 2007).

The sentence must be both procedurally and substantively reasonable. Gall, 128 S.Ct. at 597. When reviewing the sentence for procedural reasonableness, this court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. Substantive reasonableness involves inquiring whether the court abused its discretion in determining that the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question. Gall, 128 S.Ct. at 597, 600.

Pursuant to § 3553(a), the sentencing court shall impose a sentence

----

[2] U.S. v. Booker, 543 U.S. 220 (2005).

"sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). Section 3553(a) also requires the sentencing court to consider the nature and circumstances of the offense, the Guidelines range, and the need to avoid unwarranted sentence disparities. See 18 U.S.C. § 3553(a)(1), (4),(6). This court may conclude that a district court abused its discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence. United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

After reviewing the record, we conclude that Ricks has not met his burden. The district court considered the § 3553 factors and explicitly mentioned § 3553. The transcript reveals that the district court spoke about Ricks's lengthy criminal history, indicating the need to adequately deter criminal activity and protect the public from any future crimes committed by Ricks. Also, the judge sentenced Ricks to substance abuse treatment.

The 188-month sentence was at the bottom of the Guideline range and Ricks

has not met his burden showing that the sentence was either procedurally or substantively unreasonable, especially given the seriousness of his crime and his criminal history.

Accordingly, we **AFFIRM**.